**JOSEPH A. VELEZ**
**ATTORNEY AT LAW (SBN: 16059)**
7272 E. Indian School Rd., Suite 111
Scottsdale, AZ 85251
Tel:  (480) 710-5079
Attorney for Plaintiffs

**IN THE UNITED STATES FEDERAL COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Alberto Garcia, Rosa Marin, | No. |
| Plaintiffs, | |
| v. | **PLAINTIFFS' COMPLAINT** |
| Office Keepers, LLC, an Arizona limited liability company, Carlos Hernandez and Marci Hernandez, husband and wife, | F.L.S.A. Overtime Wage Claim |
| Defendants, | |

The Plaintiffs Alberto Garcia and Rosa Marin, by and through their attorney, allege for their complaint:

**Jurisdiction & Venue**

1. This Court has jurisdiction over Plaintiffs' complaint, its subject matter and all the parties pursuant to 28 U.S.C. §1331 based on the federal question at issue arising from the application of the Fair Labor Standards Act, 29 U.S.C. sec. 201 *et seq*.

2. Venue in the District of Arizona, Phoenix Division, is appropriate because of the following: Plaintiffs reside in Maricopa County, Arizona, and the Defendants conduct business in Maricopa County, Arizona, and the operative facts giving rise to this cause of

action occurred in Maricopa, Arizona.

### Facts Giving Rise To Complaint

3. Plaintiff Alberto Garcia (hereafter "**Garcia**") was employed by Defendants since 2012. His duties included but were not limited to the following: janitorial work, cleaning, mopping, sweeping and trash removal for the Defendant-Employer's janitorial company, Office Keepers, LLC, based out of Mesa, Arizona.

4. Plaintiff Rosa Marin ("**Marin**") was employed by Defendants since 2013. Marin's duties included but were not limited to the following: janitorial work, cleaning, mopping, sweeping and trash removal for the Defendant-Employer's janitorial company, Office Keepers, LLC.

5. Defendant-Employer Office Keepers, LLC (hereafter "**Office Keepers**") is an Arizona limited liability company organized in Arizona. Office Keepers is based out of Mesa, Arizona and provides commercial janitorial services throughout the county of Maricopa, Arizona. Office Keepers is an "employer" as that term is defined in 29 U.S.C. §203(d).

6. Defendant Carlos Hernandez is both a manager and member of Office Keepers, LLC, and managed and directed the operations of Office Keepers. Carlos Hernandez was at all times a person responsible for determining the rate and method of payment of Garcia's and Marin's wages. Carlos Hernandez was an "employer" of the Plaintiffs as that term is defined in 29 U.S.C. §203(d). The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of the employer in relation to the employee, and thus Carlos Hernandez is subject to individual personal liability in accordance with the Fair Labor Standards Act.

7. Defendant Marci Hernandez is both a manager and member of Office Keepers, LLC, and managed and directed the operations of Office Keepers. Marci Hernandez was at all times a person responsible for determining the rate and method of payment of Garcia's and Marin's wages. Marci Hernandez was an "employer" of the

2

Plaintiff as that term is defined in 29 U.S.C. §203(d). The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of the employer in relation to the employee, and thus Marci Hernandez is subject to individual personal liability in accordance with the Fair Labor Standards Act.

8. Marci Hernandez is the wife of Carlos Hernandez, and is named as a defendant pursuant to A.R.S. §25-215(D). At all times pertinent to this complaint, Carlos Hernandez and Marci Hernandez were acting for the benefit of their marital community.

9. At all relevant times, Office Keepers was engaged in interstate commerce and was an enterprise whose gross annual sales made or business done was greater than $500,000 annually.

### Nature of Case

10. Plaintiffs Garcia and Marin were non-exempt employees pursuant to the Fair Labor Standards Act and were thus entitled to received time and a half their regular rate of pay for all hours worked in excess of 40 during a seven (7) day work-week.

11. Office Keepers uniformly misclassifies all of its janitorial cleaners, including Plaintiffs Garcia and Marin, as independent contractors when they are in fact employees.

12. The work done by Garcia and Marin was subject to the control of Office Keepers in that Office Keepers had the authority to exercise complete control over the work performed and the manner and means in which work was performed.

13. The Plaintiffs Garcia and Marin were not involved in a distinct business, but instead were provided instructions as to how to perform their work. Moreover the manner and means in which work was to be performed was to be in accordance with Office Keepers' directives and their cleaning manuals.

14. The Plaintiffs were required to attend regular company meetings at the direction of Office Keepers. It was always Office Keepers that set the dates of the meetings and the agendas to be covered at these meetings.

15. Office Keepers paid for and provided the tools, supplies and materials for

Plaintiffs to use in doing their jobs.  Examples of these were: cleaning agents and solutions, mops, vacuums and dusting supplies.

16. Office Keepers retains the right to unilaterally terminate the Plaintiffs at any time, and has indeed already terminated Plaintiff Garcia.

17. The Plaintiffs had no opportunity to realize a profit or loss because Office Keepers paid Plaintiffs by the hour.

18. Plaintiffs did not have authority to make employment related personnel decisions. For example, they could not hire or fire any other janitorial cleaner, nor could they control the rate and manner of pay of the other janitorial cleaners who worked for Office Keepers.

19. Office Keepers knew that Plaintiffs were actually employees and not independent contractors.  As a result of misclassifying the Plaintiffs in this manner, Office Keepers failed to pay the employer's portion of federal taxes, social security contributions, and other required contributions corresponding to the wages paid to Plaintiffs.  Thus, Plaintiffs have been burdened with excessive and improper tax obligations, which, had they been paid appropriately as employees, would not have incurred.  Plaintiffs will soon be reporting to the IRS that Office Keepers misclassified them as independent contractors by filing a Form SS-8 with the Internal Revenue Service.

**Plaintiff Alberto Garcia's Claims**

20. During the time that Plaintiff Garcia worked for the Defendants, he was paid hourly for all hours worked.  His commencing hourly rate in 2012 was approximately $12.50 per hour.  Garcia's hourly rate was thereafter increased annually by approximately $1.00 per year.  His final hourly rate was $16.50 in 2017.  Office Keepers regularly required Garcia to work hours in excess of 40 hours per seven (7) day work week and failed to pay him time and one half for hours worked in excess of 40 per seven day work week.

21. Plaintiff Garcia was routinely scheduled to work seven (7) days per week, and this often caused him to work over 60 hours per week. See Exhibit A (a sample of some of

the pay stubs with work hours noted on stubs). Despite routinely working over 40 hours per week, Garcia was not paid time and a half his regular hourly rate for working hours in excess of 40 per seven day workweek ("overtime").

22. Office Keepers instructed the company's other janitorial cleaners to contact Plaintiff Garcia at any time if they had work issues, if they had any work problems, or if they had any questions. Office Keepers circulated a memo to its janitorial staff that Plaintiff Garcia was available "24 hours" to attend to their calls. As such, Plaintiff Garcia was often interrupted by work related phone calls and texts in the evening when he returned home after completing his janitorial duties, and prior to commencing the following day's work duties. Additionally, once his daily janitorial duties were completed, Garcia was instructed by Office Keepers to prepare and submit work reports and send pictures of the work areas that were cleaned that day to Office Keepers.

23. Garcia was never compensated for the time he spent in attending to these "after the work day" texts and phone calls, nor was he compensated for the time incurred in preparing and submitting reports to Office Keepers. Combining the time incurred in attending to work phone calls and work text interruptions at home, together with the time it took to prepare and submit the required reports to his employer at the end of the day, Garcia estimates that this amounted to an additional 1.5 to 2 hours of uncompensated time daily.

**Plaintiff Rosa Marin's Claims**

24. During the time that Plaintiff Marin worked for the Defendants, she was paid hourly for all hours worked. Her commencing hourly rate in 2013 was approximately $8.50 per hour. Marin's hourly rate was thereafter increased at various times during her employment tenure. She presently works for the Defendant and her current hourly rate is $13.25.

25. Office Keepers required Plaintiff Marin to work in excess of 40 hours per week for most weeks in 2017.

26. For the weeks in 2017 that Marin worked in excess of 40 per seven day

workweek, Office Keepers failed to pay her time and one half (overtime) her regular hourly rate. See Exhibit B (a sample of some of the pay stubs with work hours noted on stubs).

27. From approximately March of 2016 until present, Marin was instructed by her supervisor Marci Hernandez and Office Keepers to do additional tasks after the normal work day when Marin was home for which she was not compensated, to wit: making phone calls to the janitorial cleaners of Office Keepers for the purpose of finding out the status of their cleaning duties for the day, requesting photographs from the janitorial cleaners of the work they did that day and thereafter forwarding the photographs to Office Keepers, making phone calls to janitorial cleaners of Office Keepers to confirm that they were using the appropriate cleaning chemicals and supplies, making phone calls to other janitorial cleaners of Office Keepers to arrange for their attendance at training functions. Marin estimates that this additional uncompensated time took approximately 1.5 hours daily, and that these duties were done approximately three (3) times per week.

**Count One – Violation of Fair Labor Standards Act (29 U.S.C. 201, et. seq.)**

28. As hourly employees, Plaintiffs were covered by the provisions of the Fair Labor Standards Act, specifically 29 U.S.C. §207(a)(1), which required the Defendants to pay Plaintiffs one and one half times their regular rate of pay for hours worked in excess of forty in a given week.

29. The Defendants failed and refused to pay Plaintiffs overtime wages, *i.e.* one and one half times their regular hourly rate for working hours in excess of 40 per seven day workweek.

30. The Defendants knew that they were required by law to pay overtime. Defendants wilfully violated the FLSA, entitling the Plaintiffs to recover liquidated damages as provided by 29 U.S.C. §216(b) in an amount equal to the unpaid overtime.

31. If Office Keepers terminates Plaintiff Marin in retaliation for filing this action, Plaintiff Marin will seek leave amend this Complaint to add a claim for FLSA

retaliation and wrongful termination against Office Keepers as well as Carlos Hernandez and Marci Hernandez personally.

**Count Two – Failure to Pay All Hours Worked in Violation of Fair Labor Standards Act (29 U.S.C. 203(g), 29 C.F.R. § 785.11 & 785.12)**

32. As hourly employees, Plaintiffs were covered by the provisions of the Fair Labor Standards Act, which required the Defendants to pay Plaintiffs for all hours worked or "suffered". The FLSA requires that an employer compensate an employee for all hours worked. Section 3 of the FLSA defines "employ" as including "to suffer or permit to work." 29 U.S.C. § 203(g); see also 29 C.F.R. § 785.11. This rule applies to work performed away from the premises or the job site, including work performed at home. "If the employer knows or has reason to believe that the work is being performed, he must count the time as hours worked." 29 C.F.R. § 785.12.

33. The Defendants were aware that Plaintiffs Garcia and Marin were working additional hours as a result of fielding work phone calls and texts both before and after normal work hours and by requiring Plaintiffs to submit reports and other information to Defendants after the regular work day.

34. Defendants failed and refused to pay Plaintiffs Garcia and Marin for working these additional hours, many of which will need to be calculated at time and half if they occurred during weeks when Plaintiffs already worked in excess of 40 per week.

35. The Defendants knew that they were required to pay Plaintiffs these work hours. Defendants wilfully violated the FLSA, entitling the Plaintiffs to recover these unpaid work hours, but an additional equal amount as liquidated damages in accordance with 29 U.S.C. §216(b).

**Prayer For Relief**

Wherefore, Plaintiffs Alberto Garcia and Rosa Marin pray for judgment:

    A. Awarding them their unpaid overtime against all Defendants in the

amount that shall be proven at trial to have resulted from the Defendants' violation of the Fair Labor Standards Act, together with prejudgment interest thereon from the dates each payment became due;

  B. Awarding them back pay for their unpaid hours against all Defendants in the amount that shall be proven at trial to have resulted from the Defendants' violation of the Fair Labor Standards Act, together with prejudgment interest thereon from the dates each payment became due;

  C. Awarding an equivalent amount of all unpaid wages against all Defendants as liquidated damages pursuant to 29 U.S.C. 216(b);

  D. Awarding Plaintiffs their reasonable attorney's fees and court costs pursuant to 29 U.S.C. 216(b);

  E. Awarding such other and further relief as the court deems just and proper.

 SUBMITTED this 6th day of September, 2017.

**LAW OFFICE OF JOSEPH A. VELEZ**

  /s/ **Joseph Velez**

_____

Joseph A. Velez
Attorney for Plaintiffs